Case 10-03408-hdh Doc 10 Filed 06/10/11 Entered 06/10/11 17:13:52 Page 1 of 4

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed June 10, 2011**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALBERT LEON PIERCE, JR. and | § | Case No. 10-37315 HDH-7 |
| CATHERINE LEE PIERCE, a/k/a | § | |
| LEE F. PIERCE, | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| MARGARITA MAMMEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 10-3408 |
| | § | |
| ALBERT LEON PIERCE, JR. and | § | |
| CATHERINE LEE PIERCE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**ON SECTION 523(a)(2)(A) CLAIMS**

On June 7, 2011, this Court heard the above adversary proceeding. At the end of the trial, the Court granted judgment for defendant Catherine Pierce on all counts and for defendant Albert

Findings of Fact and Conclusions of Law on Section 523(a)(2)(A) Claims  Page 1

Pierce on the Bankruptcy Code Section 523(a)(4) and -(6) claims. The Court took under advisement the Section 523(a)(2)(A) claims against Defendant Albert Pierce.

Section 523(a)(2)(A) provides:

> (a) A discharge under section 727, 1141, 1228(a)[,] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> ***
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

That section is a common law fraud provision. *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998). Although the general purpose of the Bankruptcy Code is to provide debtors with a fresh start, "section 523(a)(2)(A) is not designed to protect debtors; rather it is designed to protect the victims of fraud." *In re Quinlivan*, 434 F.3d 314, 319 (5th Cir. 2005).

To prevail in this adversary under that section, Margarita Mammel (the "Plaintiff") must show that: (1) Defendant Albert Pierce made a made a representation to Plaintiff; (2) with knowledge that the representation was false; (3) intending to deceive Plaintiff; (4) the Plaintiff actually and justifiably relied on the representation, and (5) the Plaintiff was injured as a proximate result of her reliance. *General Electric Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005).

Exceptions to discharge should be construed in favor of the debtor. *Fezler v. Davis (In re Davis)*, 194 F.3d 570, 573 (5th Cir. 1999). Thus, the burden is on the Plaintiff to prove by a preponderance of the evidence that each of the elements under subsection 523(a)(2)(A) have been met. *See Grogan v. Garner,* 498 U.S. 279, 286-88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also In re Mercer,* 246 F.3d 391, 403 (5th Cir. 2001).

In this case, there is a direct contradiction in the testimony of Plaintiff and Defendant Albert

Pierce regarding alleged statements by him concerning his proposed use of funds he borrowed from the Plaintiff.

Plaintiff testified that Albert Pierce told her he needed the first loan to acquire property next door to Plaintiff. The evidence supports that representation. Plaintiff testified that Albert Pierce told her he needed the second loan, for $180,000, to complete the house built on the property.

Defendant Albert Pierce testified that he told Plaintiff that he needed the funds to use for a certificate of deposit to secure a loan on another house

At the time of the second lien, the house in question, built next door to Plaintiff, was substantially complete. Plaintiff had been active in the design of many facets of the house. Presumably, she would know its status and how close it was to completion.

The Plaintiff bears the burden of proof by a preponderance of the evidence. Plaintiff and Defendant Albert Pierce tell stories which do not match. However, the evidence is about even and Plaintiff has not met her burden of proving that her version is more likely than not.

In addition, even if Defendant Albert Pierce made the misrepresentation described in Plaintiff's testimony, Plaintiff's reliance upon such testimony was not reasonable. The loan was not documented in the form of a note for many months. Plaintiff received no security interest. Plaintiff did not request or receive anything in writing regarding the financial condition of Defendants. Some due diligence or action on the part of Plaintiff is required to make her reliance justified.

For the above reasons, judgment will be awarded to Defendant Albert Pierce on the remaining claim. Counsel for Defendants shall submit a judgment on all claims within seven days of entry of these findings and conclusions

It is **SO ORDERED.**

###End of Findings and Conclusions###